**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 18-4621

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY KEITH CLINTON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:17-cr-00005-GMG-RWT-1)

Submitted: April 29, 2019                    Decided: May 14, 2019

Before GREGORY, Chief Judge, and MOTZ, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gregory K. Clinton, Appellant Pro Se. David J. Perri, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Gregory K. Clinton of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012); possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession of cocaine base, in violation of 21 U.S.C. § 844 (2012); and possession of cocaine hydrochloride, in violation of 21 U.S.C. § 844. Electing to proceed pro se on appeal, Clinton challenges his convictions on the grounds that the district court erroneously denied his motion to suppress evidence and his motion for a judgment of acquittal or new trial. Clinton also raises claims of judicial misconduct, lack of district court jurisdiction, perjury, ineffective assistance of counsel, and improper forfeiture. Finding no reversible error, we affirm.

We turn first to the district court's denial of Clinton's motion to suppress. Clinton argues, as he did before the district court, that the Government obtained the challenged evidence as the result of an initially lawful traffic stop that authorities prolonged in violation of the Fourth Amendment. *See generally Rodriguez v. United States*, 135 S. Ct. 1609, 1612 (2015). The district court held that the attending officers did not prolong the traffic stop longer than necessary to achieve the mission of the stop and, alternatively, held that any such prolonging was supported by reasonable suspicion of criminal activity. We review the court's legal conclusions de novo and its factual findings for clear error, viewing the evidence in the light most favorable to the Government. *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017). After review of the record, we discern no clear

error in the district court's factual finding that the officers did not prolong the stop. *See id.* at 382–83. Accordingly, we affirm the district court's denial of Clinton's motion to suppress.

Clinton also claims that the district court erred in denying his motion for judgment of acquittal or new trial, which concerned evidence that the Government allegedly withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The district court denied Clinton's motion on the ground that any evidence so withheld was not material. *See generally United States v. Bagley*, 473 U.S. 667, 682 (1985) (establishing materiality standard). We affirm for the reasons stated by the district court.

We have reviewed Clinton's claims concerning judicial misconduct, absence of jurisdiction, perjury, and forfeiture and find them entirely without merit. Finally, we decline to consider Clinton's claims of ineffective assistance of counsel because the record does not conclusively establish his counsel's ineffectiveness. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Clinton should assert this claim, if at all, in a 28 U.S.C. § 2255 (2012) motion. *Id.*

Accordingly, we affirm the judgment of the district court. We deny Clinton's motion for arrest warrants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3